PHILIP E. KOEBEL, Esq.  [Cal. SBN 249899]
Koebel Law Offices
Post Office Box 94799
Pasadena, CA  91109-4799
Ofc:   1015 N. Lake Ave., Ste. 210
         Pasadena, CA  91104
Tel:   (626) 629-8199
Fax:   (626) 410-1149
Eml:  LawOfPEK@gmail.com

Attorney for Plaintiff
JAMES LOMAKO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES LOMAKO<br> for himself and those similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF PASADENA a California charter city, MARK JOMSKY individually and in official capacity as City Clerk, MICHAEL BECK individually and in official capacity as City Manager, MICHELE BAGNERIS individually and in official capacity as City Attorney, MARGARET MCAUSTIN individually and in official capacity as Councilmember, GENE MASUDA individually and in official capacity as Councilmember, STEVE MADISON individually and in official capacity as Councilmember,<br><br>    Defendants. | Case No.:        _____<br>               Filed 02/20/2015<br><br>CLASS ACTION COMPLAINT TO ENJOIN ELECTION AND FOR OTHER RELIEF:<br><br>1.  DEPRIVATION OF RIGHTS UNDER COLOR OF AUTHORITY OF LAW [42 U.S.C. §§ 1983, 1988];<br><br>2.  INTERFERENCE WITH RIGHTS [Cal. Civ. C. § 52.1];<br><br>3.  ILLEGAL EXPENDITURE OR WASTE OF TAXPAYER FUNDS [Cal. Code Civ. Pro. § 526a] |

# I.

## JURISDICTION AND VENUE

1.1. Jurisdiction over this Action is conferred on this court by 28 U.S.C. §§ 1331(a), 1343(3), 1343(4), 42 U.S.C. §§ 1983, 1988, and the First, Fifth, and Fourteenth Amendments to the United States Constitution.

1.2. Pursuant to 28 U.S.C. § 1367(a), Plaintiff requests this Court to exercise supplemental jurisdiction to hear and decide claims arising under state law as they are inextricably intertwined with federal law claims.

1.3. The acts and omissions giving rise to this Action and its claims occurred within the Central District of California and thus venue is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c).

1.4. Plaintiff demands a jury trial.

# II.

## STATEMENT OF THE CASE

2.1. Plaintiff JAMES LOMAKO – a registered voter and taxpayer residing within the boundaries of City Council District Two within the city of Pasadena – seeks this Court's order declaring that the Defendants, acting under color of authority of law, have deprived and are depriving the Plaintiff and other Pasadena voters, taxpayers, and residents of their constitutional right to petition the government for redress of grievances and their constitutional right to due process in municipal elections. Plaintiff requests this Court to issue a temporary restraining order and preliminary injunction, under federal law, to enjoin the current municipal election until such time that the deprivation of rights may be remedied.

2.2. Plaintiff seeks this Court's order declaring that the Defendants interfered with, and are interfering with, the peaceable exercise or enjoyment of rights

secured by the constitutions of the United States of America and the State of California to petition the government for redress of grievances and for due process in municipal elections. Plaintiff requests this Court to issue a temporary restraining order and preliminary injunction, under California law, to enjoin the current municipal election until such time that the peaceable exercise or enjoyment of secured rights may be restored.

2.3. As a taxpayer, Plaintiff seeks this Court's order declaring that the current municipal election is an illegal expenditure of, waste of, or injury to, the estate, funds, or other property of the City of Pasadena. Plaintiff requests that this Court issue a temporary restraining order and preliminary injunction, under California law, to enjoin the current municipal election until such time that it is not an illegal expenditure of, waste of, or injury to, the estate, funds, or other property of the City of Pasadena.

2.4. Plaintiff alleges that the Defendants acted, or failed to act, together and with others, without rational basis, to delay the release of public information critically relevant to the Plaintiff and Pasadena residents until after the nominations period for the quadrennial municipal elections – November 17, 2014 to December 12, 2014 – had closed. The people cannot petition their government for redress of grievances if their government intentionally withholds public information from its people. Likewise, an election is not fair if an incumbent intentionally withholds information that would undoubtedly prompt eligible candidates to run against them.

2.5. The Defendants had knowledge of the substantial embezzlement of taxpayer funds by a City of Pasadena employee as early as May 28, 2014 and possibly before and certainly as of November 11, 2014 and they acted together to intentionally keep the public uninformed until December 30, 2014.

2.6. On December 30, 2014, the Defendants informed the public, including the Plaintiff, that an audit completed on or before November 11, 2014 documented an 11-year scheme to embezzle $6.4 million from City funds.

2.7. Plaintiff is informed and believes that the "official reason" for the delay in disclosure is that this information could not have been released earlier because the Los Angeles County District Attorney's office had not concluded its criminal investigation of the embezzlement until the suspect was arrested on December 30, 2014. Plaintiff alleges that even if the "official reason" is true, it still does not provide a rational basis for the delay in disclosing the embezzlement information to the Plaintiff and the public.

2.8. The practical impact of the disclosure delay is that the public was kept unaware of vital public information during the nominations period. By the time it was disclosed to the public, the nominations period was closed and three incumbent Councilmembers – Defendants MARGARET MCAUSTIN, GENE MASUDA, and STEVE MADISON – were running for their offices unopposed.

2.9. Plaintiff, a prior candidate for the office of District Two Councilmember, alleges that he would have timely filed nomination papers if he had been timely informed of the embezzlement. Plaintiff is a registered voter with a long-time demonstrated commitment to civic engagement in the city. In 2007, Plaintiff received 39.1% of the cast votes in the election for District Two Councilmember. Plaintiff has grievances related to the embezzlement and its handling by the Defendants, which he was completely unaware of until after the nominations period expired. BUT FOR the Defendants willful nondisclosure, Plaintiff would have sought and received nomination for the 2015 election.

2.10. On February 17, 2015, Plaintiff submitted his Nomination Paper signed by twenty-nine (29) registered voters in District Two to the City Clerk – Defendant MARK JOMSKY. Plaintiff's request to be placed on the ballot as a nominated candidate was denied. Plaintiff has exhausted his nonjudicial remedies.

III.

PARTIES

3.1. Plaintiff JAMES LOMAKO is an individual who at all times relevant to this complaint resides in Los Angeles County, California.

3.2. Defendant CITY OF PASADENA is a municipal government entity chartered under the laws of the State of California – a charter city – and incorporated within the boundaries of Los Angeles County, California.

3.3. Defendant MARK JOMSKY is an individual who at all times relevant to this action resides or works in Los Angeles County, California. MARK JOMSKY is sued individually and in his official capacity as City Clerk. The City Clerk reports directly to the Pasadena City Council. The City Clerk is responsible for conducting the municipal elections.

3.4. Defendant MICHAEL BECK is an individual who at all times relevant to this action resides or works in Los Angeles County, California. MICHAEL BECK is sued individually and in his official capacity as City Manager. The City Manager reports directly to the Pasadena City Council. The City Manager supervises all City departments, including the Department of Finance, the Department of Public Works, and the Pasadena Water and Power Department.

3.5. Defendant MICHELE BAGNERIS is an individual who at all times relevant to this action resides or works in Los Angeles County, California. MICHELE BAGNERIS is sued individually and in her official capacity as City Attorney. The City Attorney reports directly to the Pasadena City Council.

3.6. Defendant MARGARET MCAUSTIN is an individual who at all times relevant to this action resides or works in Los Angeles County, California. MARGARET MCAUSTIN is sued individually and in her official capacity as City Councilmember for District Two.

3.7. Defendant GENE MASUDA is an individual who at all times relevant to this action resides or works in Los Angeles County, California. GENE MASUDA is sued individually and in his official capacity as City Councilmember for District Four.

3.8. Defendant STEVE MADISON is an individual who at all times relevant to this action resides or works in Los Angeles County, California. STEVE MADISON is sued individually and in his official capacity as City Councilmember for District Six.

3.9. Plaintiff reserves the right to add or substitute other defendants into this action including, but not limited to, Mayor of Pasadena Bill Bogaard, District One Councilmember Jacque Robinson, District Three Councilmember John J. Kennedy, District Five Councilmember Victor Gordo, District Seven Councilmember Terry Tornek, Director of Finance Andrew Green, Director of Public Works Siobhan Foster, General Manager of Pasadena Water and Power Phyllis Currie, Los Angeles County District Attorney Jackie Lacey, and Underground Utility Program ("UUP") Program Manager Danny Ray Wooten.

## IV.
## CLASS ACTION ALLEGATIONS

4.1. This action is brought as a class action pursuant to rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the Class, thereby making appropriate declaratory and injunctive relief for the Class as a whole.

4.2. The Plaintiff Class consists of all individuals who: (a) are residents of the city of Pasadena, including, but not limited to, those who are taxpayers to the City of Pasadena; or (b) in the limiting alternative, individuals who are registered voters within the city of Pasadena, including, but not limited to, registered voters

residing within the boundaries of City Council District Two, City Council District Four, and City Council District Six.

4.3. The Class is so numerous that joinder of all members is impracticable.

4.4. The claims of the named Plaintiff are typical of those of the Class.

4.5. The following questions of law and fact are common to all members of the Class:

(a) whether Defendants, by not publicly disclosing information related to the embezzlement prior to the closing of nominations period, deprived the Class members of their constitutional rights under color of authority of law;

(b) whether Defendants, by not publicly disclosing information related to the embezzlement prior to the closing of nominations period, interfered with the peaceable exercise or enjoyment by the Class members of their rights secured by the constitutions of the United States of America and the State of California;

(c) whether Defendants have immunity from liability for willful misconduct;

(d) whether Defendants have immunity from liability for negligent conduct; and

(e) what remedies may be available to Class members.

4.6. Plaintiff's attorney has the experience necessary to competently protect and vigorously represent all members of this Class. Plaintiff will adequately represent the interests of the Class.

4.7. Plaintiff has no conflict of interest with other Class members.

//
//
//
//
//

V.

GENERAL ALLEGATIONS

5.1. Plaintiff is a registered voter and taxpayer residing within the boundaries of City Council District Two within the city of Pasadena.

5.2. Plaintiff is a long-time civic participant in the city. In 1989, he was first appointed as a commissioner to the City's Human Relations Commission. Since then, Plaintiff has been appointed by past City Councilmembers, including current State Assemblymember Chris Holden. Plaintiff has served on the Community Development Committee, the Design Commission, the General Plan Oversight Committee, and the Ad-hoc Committee on City Councilmember Compensation.

5.3. In 1995, Plaintiff ran in the primary election for District Two City Councilmember.

5.4. In 2007, Plaintiff forced a run-off for District Two City Councilmember. In the general election on April 17, 2007, Plaintiff received 683 votes – 39.1% of the 1,743 votes cast. The winner was Defendant MARGARET MCAUSTIN.

5.5. MARGARET MCAUSTIN ran unopposed in 2011. Pursuant to Section 401 of the Pasadena Municipal Code, the term of office for Councilmembers is until their respective successors are elected and qualify.

5.6. Plaintiff is informed and believes that in March 2014 UUP Program Manager Danny Ray Wooten was suspended for falsifying time records and subsequently fired in June 2014. Plaintiff only learned of this information this week when it was made publicly available.

5.7. Plaintiff is informed and believes that on May 13, 2014, Defendant MARGARET MCAUSTIN presided as chairperson of the Municipal Services Committee ("MSC") over its regular hearing. At this hearing, a discussion between MARGARET MCAUSTIN, Mayor Bill Bogaard, and Councilmember Terry Tornek and City staff, including MICHAEL BECK, about the Underground Utility

Program led to the eventual discovery of the embezzlement of $6,432,810.98 over a period of eleven years by UUP Program Manager Danny Ray Wooten. Plaintiff only learned of this information on December 30, 2014 when he received a general e-mail from MARGARET MCAUSTIN to the Plaintiff and other District Two residents.

5.8. Plaintiff is informed and believes that on or about May 28, 2014, Defendant MICHELE BAGNERIS requested that Los Angeles County District Attorney Jackie Lacey and her office cooperate with or initiate a criminal investigation and/or criminal prosecution of the embezzlement. This information was not made public until December 30, 2014.

5.9. Plaintiff is informed and believes that on May 29, 2014 the District Attorney's office informed Defendant MICHAEL BECK by letter that the District Attorney would cooperate in the investigation and prosecution. In that letter, the District Attorney's office requested "strict confidentiality about the existence of the investigation and [the DA's] involvement. This request would extend to City Council members as well. [The DA's office requested] confidentiality to insure the integrity of the investigation and prosecution. Keeping this matter confidential also goes towards preserving the dignity, reputation and criminal rights of the person of interest in this investigation." This letter was not made public until December 30, 2014.

5.10. Plaintiff is informed and believes that the City retained KPMG to perform a forensic audit of the embezzlement. This information was not made public until December 30, 2014.

5.11. Plaintiff is informed and believes that the City Council approved the City Manager's emergency request to authorize and fund the KPMG Audit and that the City Council approved at least one other funding increase for the KPMG Audit. This information was not disclosed to the public until January 2015.

5.12. Plaintiff is informed and believes that in late May 2014 or early June 2014, Defendant MICHAEL BECK and/or Defendant MICHELE BAGNERIS voluntarily issued a "gag order" regarding the DA's investigation and the KPMG Audit to all City department heads and to the Mayor and the City Councilmembers.

5.13. Plaintiff is informed and believes that the KPMG Audit was completed no later than November 11, 2014 and it was delivered that day with a four-page cover letter to Defendant MICHELE BAGNERIS as City Attorney if not earlier. The KPMG Audit and cover letter were not disclosed to the public until December 30, 2014.

5.14. Plaintiff is informed and believes that as of November 11, 2014, at the very least, Defendants MICHELE BAGNERIS and MICHAEL BECK had received copies of the KPMG Audit. It is likely, but not yet known, that Defendants MARK JOMSKY, MARGARET MCAUSTIN, GENE MASUDA, and STEVE MADISON also had received the KPMG Audit on or around November 11, 2014.

5.15. On November 17, 2014, Defendant MARK JOMSKY, as City Clerk, opened the filing period for nomination papers for the municipal elections. On November 17th, MARK JOMSKY conducted a candidate workshop at 8:00 a.m.. On November 19th, MARK JOMSKY conducted a candidate workshop at 5:30 p.m.. On December 12, 2014, Defendant MARK JOMSKY closed the filing period.

5.16. Incumbent MARGARET MCAUSTIN was the only candidate nominated for District Two Councilmember.

5.17. If Plaintiff had been informed about the City's embezzlement investigation or the KPMG Audit, Plaintiff would have sought and received nomination for District Two Councilmember.

5.18. Incumbent GENE MASUDA was the only candidate nominated for District Four Councilmember.

5.19. If District Four voters had been informed about the City's embezzlement investigation or the KPMG Audit, it is likely that a District Four voter would have sought and received nomination for District Four Councilmember.

5.20. Incumbent STEVE MADISON was the only candidate nominated for District Six Councilmember.

5.21. If District Six voters had been informed about the City's embezzlement investigation or the KPMG Audit, it is likely that a District Four voter would have sought and received nomination for District Six Councilmember.

## VI.

## STATEMENT OF CLAIMS

## 1.

## DEPRIVATION OF RIGHTS UNDER COLOR OF AUTHORITY OF LAW

[42 U.S.C. §§ 1983, 1988]

6.1. Plaintiff incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.2. By depriving Plaintiff and the Class members of their rights guaranteed by federal law, Defendants acting under color of law have violated and will violate 42 U.S.C. § 1983 and are subject to relief appropriate to remedy those violations, including prospective damages for future violations, plus the payment of reasonable attorney fees under 42 U.S.C. § 1988.

6.3. The First Amendment guarantees the right to petition the government for redress of grievances. Plaintiff alleges that an election is not merely one of many opportunities to petition government, but an election is the most significant and important right held by the people to petition their government.

6.4. Plaintiff alleges that inherent within the right to petition is the right to be timely informed of public matters by their elected representatives and their government's employees. There is no meaning to a right to petition the government where the government willfully shields the public from viewing information that may give rise to grievances. Delays, even short delays, in disclosures are especially problematic where the elections are held once every four years and the nominations period is only ten business days.

6.5. Plaintiff alleges that the Fifth and Fourteenth Amendments' guarantees of procedural and substantive due process extend to municipal elections.

6.6. Plaintiff alleges that Defendants withheld information from the public and delayed its disclosure in deprivation of the people's rights to petition their government and to have due process in elections.

6.7. Plaintiff further alleges that the current municipal election, if not enjoined, will further deprive the people of their constitutional rights. The "appointment" of the three unopposed incumbent Defendants MARGARET MCAUSTIN, GENE MASUDA, and STEVE MADISON will be without legitimacy.

6.8. By reason of the allegations set forth herein, *supra*, Defendants if not enjoined by this court, will indeed continue to cause injury to the Plaintiff and the Class he represents.

6.9. Defendants must be enjoined from conducting municipal elections until a remedy has been crafted to repair the deprivations of rights inflicted upon the Plaintiff and the Class members.

//

//

//

//

//

<u>2.</u>

<u>INTERFERENCE WITH RIGHTS</u>

[Cal. Civ. C. § 52.1]

6.10. Plaintiff incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.11. The constitutions of the United States of America and the State of California secure the people's right to petition their government for redress of grievances and to have due process in elections.

6.12. California Civil Code § 52.1(b) authorizes "any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with … may institute and prosecute" a civil action for statutory damages, "injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured."

6.13. Plaintiff alleges that Defendants have interfered with, or attempted to interfere with the peaceable exercise or enjoyment of rights secured including the right to petition the government and to have due process in municipal elections.

6.14. By reason of the allegations set forth herein, *supra*, Defendants if not enjoined by this court, will indeed continue to cause injury to the Plaintiff and the Class he represents.

6.15. Plaintiff alleges that the current municipal election, if not enjoined, will further interfere with the exercise or enjoyment of rights secured to the people. Defendants must be enjoined from conducting the current municipal elections until remedies have been crafted to remove the interference of the people's exercise or enjoyment of rights secured by the constitutions of the country and the state.

6.16. Defendants are liable for civil penalties and attorney fees.

# 3.

## ILLEGAL EXPENDITURE OR WASTE OF TAXPAYER FUNDS

### [Cal. Code Civ. Pro. § 526a]

6.17. Plaintiff incorporates herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.18. Plaintiff has been assessed for and is liable to pay municipal taxes, including taxes imposed as utility expenses, and has paid such taxes within the past year.

6.19. Defendants have expended such tax monies and will continued to spend such tax monies to conduct current municipal elections, which are, and will be, illegal and unconstitutional.

6.20. Pursuant to Cal. Code Civ. Pro. §§ 526, 526a, Plaintiff seeks declaratory and injunctive relief to prevent continued harm to himself and the Class he represents and to prevent the illegal expenditure or waste of taxpayer funds.

6.21. Plaintiff further alleges that the current municipal election, if not enjoined, will be an illegal expenditure or waste of taxpayer funds as the "appointment" of the three unopposed incumbent Defendants MARGARET MCAUSTIN, GENE MASUDA, and STEVE MADISON will be without legitimacy.

6.22. By reason of the allegations set forth herein, *supra*, Defendants if not enjoined by this court, will indeed continue to cause injury to the Plaintiff and the Class he represents.

6.23. Defendants must be enjoined from spending taxpayer funds on the current municipal elections until remedies can be implemented to make the elections legitimate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court:

1. Take jurisdiction of this case;

2. Certify that Plaintiff Class as set forth herein;

3. Declare that Defendants under color of authority of law have deprived, and continue to deprive, Plaintiff and the Class he represents of rights guaranteed by the United States Constitution;

4. Declare that Defendants have interfered with, and continue to interfere with, the peaceable exercise or enjoyment of rights secured by the constitutions of the United States and the State of California;

5. Declare that Defendants have made illegal or wasteful expenditures of taxpayer funds, and continue to do so, in conducting the current municipal elections;

6. Enjoin Defendants from conducting municipal elections set for March 10, 2015 and April 17, 2015 until such time that remedies can be applied to ensure that the elections comply with constitutional requirements;

7. Enter judgment and grant relief ordering that Defendants are liable to Plaintiff and Class members for deprivations of federal rights under color of authority of law;

8. Enter judgment and grant relief ordering that Defendants are liable to Plaintiff and Class members for interfering with the peaceable exercise or enjoyment of rights secured by the constitutions of the United States of America and California;

9. Award Plaintiff any and all reasonable attorney fees and legal costs pursuant to 42 U.S.C. § 1988 and any other applicable statute;

10. Grant such other relief as may be just and proper.

Date:  February 20, 2015          By:   */s/ PHILIP E. KOEBEL*

PHILIP E. KOEBEL, Esq.

Attorney for Plaintiff

JAMES LOMAKO